UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL V.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | Case No. C20-5735 RSM<br><br>**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and erroneously evaluated the medical opinion evidence. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 52 years old, has a high school education, and has worked as a dry-wall applicator. Dkt. 7, Admin. Transcript (Tr.) 25. Plaintiff applied for benefits in 2018 and alleges disability as of April 20, 2017. Tr. 13. After conducting a hearing in September 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 34-80, 13-27. In pertinent part, the ALJ found Plaintiff's severe impairments of depression, anxiety, posttraumatic stress disorder,

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

1  intellectual disorder, left foot pain, back pain, and obesity limited him to semi-skilled light work,

2  interacting frequently with supervisors and occasionally with coworkers and the public.  Tr. 16,

3  19-20.

**DISCUSSION**

5  This Court may set aside the Commissioner's denial of Social Security benefits only if

6  the ALJ's decision is based on legal error or not supported by substantial evidence in the record

7  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

8  As an initial matter, Plaintiff notes the Commissioner's response brief is 20 pages long,

9  two longer than the 18-page limit imposed in the Court's scheduling order.  *See* Dkt. 8.

10 However, because the first page contains only the case caption and the last page contains only

11 signatures and a certificate of service, the Court concludes sanctions for the overlength brief are

12 not warranted.

13 **A.     Plaintiff's Testimony**

14 Where, as here, an ALJ determines a claimant has presented objective medical evidence

15 establishing underlying impairments that could cause the symptoms alleged, and there is no

16 affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

17 symptom severity by providing "specific, clear, and convincing" reasons supported by

18 substantial evidence.  *Trevizo*, 871 F.3d at 678.

19 Plaintiff contends the ALJ erred by discounting his mental symptom testimony of

20 paranoia, belief his television talks to him, difficulty interacting with people or leaving home,

21 isolation, and lack of focus.  Dkt. 9 at 2-4; Tr. 63-64, 66, 68-69, 328.  The ALJ discounted

22 Plaintiff's testimony based on inconsistency with objective medical findings, conservative

23 treatment, and inconsistent statements.  Tr. 22.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

Plaintiff contends the ALJ erred by discounting his testimony based on normal mental status examination findings, because "a vast number" of other findings were abnormal. Dkt. 9 at 3. On the contrary, the ALJ reasonably interpreted the evidence as showing largely normal findings. For example, although a few counseling notes during a short period near the beginning of counseling show abnormalities in thought process, such as perseveration/preoccupations or tangential thinking, the vast majority of counseling notes show normal thought process. *Compare* Tr. 562, 685, 693, 699, 702, 705, 708 *with* Tr. 565, 568, 571, 580, 621, 624, 627, 646, 649, 652, 655, 658, 661, 664, 667, 670, 673, 676, 679, 682, 689, 696. Similarly, while some notes describe mood/affect as anxious or irritable, the vast majority show normal findings. *See id.* Plaintiff argues he "muted reporting of the full extent of these thoughts in counseling because his counselors are required to report potential threats to the authorities…." Dkt. 9 at 3. But the ALJ relied on his counselors' objective observations, not Plaintiff's reports. Plaintiff argues the Commissioner may not discount testimony based on lack of support from objective evidence. However, contradiction by the medical evidence is a sufficient reason. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."). Findings of normal thought processes contradict testimony of paranoia and hallucinations. Treatment providers did not check boxes for "Easily Distracted" or "Disorganized," contradicting Plaintiff's self-reports of lack of focus. Inconsistency with objective medical findings was a clear and convincing reason to discount Plaintiff's testimony.

Plaintiff does not challenge the ALJ's additional reasons of conservative treatment and inconsistent statements.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

Plaintiff argues he has "severe limitations related to his tendency to have tangential, violent thoughts," but he did not testify to any such limitations and did not even describe any such thoughts in his testimony. Dkt. 9 at 2. Plaintiff has shown no error in the ALJ's analysis of his testimony.

Plaintiff contends the ALJ erred in discounting his testimony because he failed to properly evaluate the medical opinion evidence. Plaintiff's argument fails because, as discussed below, the Court concludes the ALJ did not err in evaluating the opinions.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.     Medical Opinions**

Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2).

**1.     Alysa Ruddell, Ph.D. and Arild Lein, M.D.**

Dr. Ruddell examined Plaintiff in June 2018, diagnosed anxiety disorder, and opined Plaintiff had marked limitations in learning new tasks, adapting to changes, completing a normal work day and work week, and planning realistically. Tr. 499-500. Dr. Lein reviewed Dr. Ruddell's report and concurred with her opinions. Tr. 463-66.

The ALJ found Dr. Ruddell's and Dr. Lein's opinions "not persuasive" because they were inconsistent with Dr. Ruddell's own examination findings, the medical evidence as a

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

1  whole, and Plaintiff's activities. Tr. 24.

2  The ALJ relied on the same medical evidence discussed above as contradicting Plaintiff's

3  testimony. Plaintiff again argues the ALJ selectively cited the record. However, the ALJ

4  reasonably characterized Plaintiff's treatment records as showing almost entirely normal mental

5  status examination results. For example, Dr. Ruddell's findings of abnormalities such as visual

6  and auditory hallucinations were contradicted by providers' findings of no hallucinations. Tr.

7  501. Dr. Ruddell's finding of paranoia was contradicted by providers' findings. *Id.* Conflict

8  with medical evidence was a valid reason to discount Dr. Ruddell's and Dr. Lein's opinions. *See*

9  *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective evidence in the

10 medical record is a specific and legitimate reason for rejecting the opinion of an examining

11 doctor).

12 Regardless of whether the ALJ's other reasons were valid, any error is harmless. *See*

13 *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the

14 ultimate disability determination"). The Court concludes the ALJ did not err by discounting Dr.

15 Ruddell's and Dr. Lein's opinions.

16 **2.      State Agency Reviewing Psychologists**

17 Plaintiff contends the ALJ erred by relying on the opinions of State agency psychologists,

18 Jan L. Lewis, Ph.D., and Matthew Comrie, Psy.D., because they did not review the entire

19 medical record or were unaware of "the vocational impact of the claimant's expressions of anger

20 and irritability." Dkt. 9 at 5; Tr. 149-51, 171-72. Vocational impact is not relevant to doctors'

21 opinions. And there is no requirement for a doctor to review the entire medical record. Plaintiff

22 argues the State agency psychologists' opinions must be discounted because they did not review

23 Dr. Ruddell's opinions. However, the ALJ reasonably found Dr. Ruddell's findings conflicted

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

with the overall medical evidence and thus would not have given the State agency reviewing doctors accurate information on which to base their opinions. Plaintiff has shown no error in the ALJ's reliance on the State agency doctors' opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE